WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
ROBERT K. DIXON (262252)
OLIVIA J. MINER (306546)
DAVID M. MIDDLETON (321385)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: vturner@wilsonturnerkosmo.com
E-mail: rdixon@wilsonturnerkosmo.com
E-mail: ominer@wilsonturnerkosmo.com
Email: dmiddleton@wilsonturnerkosmo.com

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. ***'20CV2432 JLS  BLM<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Complaint Filed: October 1, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BMW of North America, LLC ("BMW NA") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332 (diversity), 1441(a), and 1446. BMW NA sets forth the following facts in support of its Notice of Removal:

/ / /

/ / /

/ / /

-1-

Case No. ***

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446

# REMOVAL IS PROPER BASED ON
# DIVERSITY JURISDICTION

**A.     Procedural and Factual Background**

1. On October 1, 2020, Plaintiff Ha Nguyen ("Plaintiff") filed a civil action in the Superior Court of the State of California, County of San Diego – North County, entitled *Ha Nguyen v. BMW of North America, LLC, et al.*, Case No. 37-2020-00035211-CU-BC-NC (the "Complaint"). Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Robert K. Dixon, filed concurrently herewith.

2. The Complaint alleges breach of warranty claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly") as well as claims under the Business and Professions Code § 17200 ("UCL"). Plaintiff's four causes of action stem from Plaintiff's purchase of a used 2014 BMW 435i Convertible, VIN WBA3T3C56EP737521 (the "Subject Vehicle") on August 2, 2017. The Complaint does not allege the amount in controversy. (*See generally*, Compl.) However, Plaintiff does specifically seek, among other alleged remedies, "civil penalty of two times Plaintiff's actual damages." (*Id.* ¶ 10.)

3. BMW NA has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). BMW NA was served with a copy of the original complaint on November 13, 2020, and the thirty (30) day deadline is December 14, 2020. This Notice of Removal is therefore timely filed. The Summons and Complaint served on BMW NA is attached as **Exhibit B** to the Declaration of Robert K. Dixon

4. On December 10, 2020, BMW NA timely filed and served its Answer to the Complaint in San Diego County Superior Court. BMW NA's Answer is attached as **Exhibit C** to the Declaration of Robert K. Dixon.

5. The Retail Installment Sale Contract - Simple Finance Charge (With Arbitration Provision) ("Purchase Agreement") for the Subject Vehicle notes that the

1  total sale price of the vehicle was $50,371.60.  A true and correct copy of the Purchase
2  Agreement is attached as **Exhibit D** to the Declaration of Robert K. Dixon. [1]

3  6. This is a civil action over which this Court has original jurisdiction under
4  the provisions of 28 U.S.C. Section 1332, and may be removed to this Court by BMW
5  NA pursuant to 28 U.S.C. § 1441(a), because it is a civil action between citizens of
6  different states and the matter in controversy herein exceeds the sum or value of
7  Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9  7. As set forth below, complete diversity exists between Plaintiff and the
10 named defendant, BMW NA.

11 8. Upon information and belief, at the time of the filing of the Complaint
12 and this Notice of Removal, Plaintiff was and still is a citizen of California.  While the
13 Complaint is silent as to Plaintiff's place of residence, the Purchase Agreement notes
14 that she resides in San Diego, California.  (*See* Ex. D.)  Plaintiff's residence is prima
15 facie evidence that she is domiciled in California for purposes of residency.  *See, e.g.,*
16 *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Barrera v. W. United Ins. Co.*,
17 567 F.App'x 491, 492 n.1 (9th Cir. 2014); *District of Columbia v. Murphy*, 314 U.S.
18 441, 455 (1941).

19 9. BMW NA is the only named defendant.  The Complaint also names
20 Does.  (*See* Ex. A.)  But citizenship for these unnamed defendants is disregarded for
21 purposes of removal.  *See* 28 U.S.C. § 1441(a).

22 10. BMW NA is a limited liability company.  For purposes of diversity
23 jurisdiction, the citizenship of a limited liability company is the citizenship of its

---

[1] BMW NA requests that the Court take judicial notice of the Purchase Agreement. *See* Fed.R.Evid. 201(d) ("The court may take judicial notice *at any stage of the proceeding*.") (emphasis added).  The Purchase Agreement is referenced in the Complaint.  (*See* Compl. at ¶ 4.)  *See Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1114–15 (C.D. Cal. 2003) (permissible to take judicial notice of contracts referenced in the complaint.)

members. See *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state in which its owners/members are citizens.").

11. BMW NA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Dixon Decl. ¶ 5.) The sole member of BMW NA is BMW (US) Holding Corp., which was and still is organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and was not and is not organized under the laws of the State of California, wherein this action was brought. (*Id*.) Thus, BMW (US) Holding Corp. and BMW NA are citizens of Delaware and New Jersey. See 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

12. While Plaintiff alleges that BMW NA is doing business in the State of California, Plaintiff's failure to plead BMW NA's accurate citizenship is not grounds for denying or delaying removal jurisdiction. *KDY, Inc. v. Hydroslotter Corp.*, 2008 WL 4938281 (N.D. Cal. 2008). BMW NA is not a citizen of the State of California.

13. The U.S. Supreme Court has held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. Section 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." *Id*. at 1192.

1  14. Accordingly, for purposes of diversity, BMW NA is a citizen of Delaware (its state of incorporation) as well as New Jersey (its principal place of business). Complete diversity therefore exists between the parties because only Plaintiff is a California citizen.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

16. While the Complaint is silent as to the total amount in controversy, it notes that "Plaintiff suffered damages … [of] not less than $25,000.00" (Compl. ¶ 9.) It also notes that seeks "civil penalty of two times Plaintiff's actual damages," a refund of "the entire purchase price," "disgorgement of improper fees," unspecified injunctive relief, among other damages. (*Id.* ¶¶ 10, 16, 17, 25.) The fact that a complaint fails to specify the total of amount of damages in a dollar amount does not deprive the Court of jurisdiction. Absent the facial showing from the complaint, the Court may consider facts averred in the removal petition. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress, and attorney's fees, was enough to put the amount in controversy above $75,000).

17. In determining whether a complaint meets the $75,000 threshold requirement to remove a matter to federal court based on diversity jurisdiction, *see* 28 U.S.C. Section 1332(a), a Court must consider the aggregate amount of all the claims, not the amount involved in each individual claim. *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

18. BMW NA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, BMW NA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

19. Plaintiff alleges breach of express and implied warranties under Song-Beverly as well as UCL claims. Plaintiff also seeks monetary damages and injunctive relief. (*See* Compl., Ex. A to Dixon Decl.) Specifically, Plaintiff alleges the Subject Vehicle developed defects during the warranty period and BMW NA was unable to conform the vehicle to the applicable warranties. (*See* Compl. at ¶¶ 6-7.) Based on the allegations, Plaintiff is seeking a statutory repurchase in addition to other damages. (*See generally*, Compl.) Plaintiff is also seeking diminution in value due to the Subject Vehicle's alleged defect, and she assert that the Subject Vehicle current "value is de minimis." (*Id.* ¶ 16.)

20. Song-Beverly provides for restitution, which is the "amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B).

21. Based on Plaintiff's Purchase Agreement, a statutory repurchase—not including attorneys' fees, costs, and possible consequential damages—would be $50,371.60. (Dixon Decl. at ¶ 8; *see also* Purchase Agreement attached as **Exhibit D** to Dixon Decl.) Based on the Purchase Agreement, Plaintiff's alleged actual damages are at least $38,914.40. (Dixon Decl. at ¶ 9.)

22. Song-Beverly further provides for civil penalty damages. *See* Cal. Civ. Code § 1794(c). The civil penalty can be a maximum of two times the amount of

-6-    Case No. ***

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446

1  Plaintiff's actual damages. *Id.* This Court as well as other California District Courts
2  have repeatedly acknowledged civil penalties are included in the amount in
3  controversy calculus. *See e.g., Zeto v. BMW of N. America, LLC*, 2020 WL 6708061,
4  at *4 (S.D. Cal. Nov. 16, 2020) (finding that civil penalties were not speculative and
5  should be included); *Rashid v. BMW of N America, LLC*, 2020 WL 5640734, at *2
6  (S.D. Cal. Sep. 22, 2020); *Park v. Jaguar Land Rover North America, LLC* (S.D. Cal.,
7  July 1, 2020, No. 20-CV-00242-BAS-MSB) 2020 WL 3567275, at *3; *see also Brady
8  v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (holding
9  that "there is good reason to include the Song–Beverly Act's civil penalty of up to two
10 times the amount of actual damages in the amount in controversy."); *Chabner v.
11 United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that
12 treble damages authorized by state statute could have been taken into account when
13 determining the amount in controversy); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237,
14 1240 (C.D. Cal. 2005) (holding civil penalties available under the Song-Beverly Act
15 could be considered in determining whether consumer satisfied amount in controversy
16 requirement under Magnuson-Moss Warranty Act for federal question jurisdiction).

17       23.   Here, Plaintiff seeks "a civil penalty two times Plaintiff's actual"
18 pursuant to Civil Code Sections 1794(c) and (e). (*See* Compl. ¶¶ 10–11 and 17.)
19 Plaintiff alleges that he is entitled to a civil penalty of two times Plaintiff's actual
20 damages because BMW's failure to comply with the Song-Beverly Act was "willful"
21 because BMW "refused to promptly replace the Vehicle or make restitution." (*Id.* ¶
22 10.) Plaintiff also alleges that BMW "does not maintain a qualified third-party dispute
23 resolution process which substantially complies with Civil Code section 1793.22."
24 (*Id.* ¶ 11.) Accordingly, based on the amount of Plaintiff's alleged actual damages (at
25 least $38,914.40), the maximum civil penalty in this case would be approximately
26 $77,828.80. (*See* Compl. ¶ 10.)

27       24.   Civil penalties here are not speculative and should be included to
28 determine the amount in controversy because the Complaint's contains multiple

-7-                                         Case No. ***

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446

references to Plaintiff's desire to seek a civil penalty in addition to other damages. (*See* Compl. ¶¶ 10–11 and 17.) In fact, the amount of controversy analysis may include civil penalty damages if they are recoverable under state law. *See Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (including Song-Beverly Act civil penalty damages in the amount in controversy analysis). "While courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and Plaintiff requests that amount." *See Zeto v. BMW of N. America, LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020). In addition, based on discovery Plaintiff served along with his complaint, Plaintiff will likely rely on BMW's denial of the prelitigation repurchase request to demonstrate entitlement to a civil penalty award based on BMW's alleged willful avoidance of its Song-Beverly obligations. (*See* Dixon Decl. ¶ 10.) A true and correct copy of Plaintiff's Request for Admissions to Defendant, Set One is attached as **Exhibit E** to the Declaration of Robert K. Dixon.

25. Song-Beverly also allows for the recovery of attorney's fees. *See* Cal. Civ. Code § 1794(d). Reasonable estimates of attorney's fees are also included in the calculation. *Id.* at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."].) Additionally, the Courts have determined that future attorney's fees—not just attorney's fees as of the date of removal—are included when calculating a reasonable estimate of a plaintiff's attorney's fees. *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

26. Plaintiff seeks actual attorney's fees, reasonably incurred, in addition to the damages set forth above. (*See* Compl. p. 6.) In warranty matters, similar to this case, plaintiff's counsel routinely seek attorney's fee awards based on an hourly fee of

$500, and the total amount of attorney's fees in warranty matters brought pursuant to Song-Beverly regularly exceed $15,000. (Dixon Decl. ¶¶ 11-12.) The Southern District of California, for example, has awarded more than $35,000 in attorney's fees in a Song-Beverly case that was settled before trial. *See Johnson v. FCA US LLC*, No. 3:17-CV-0536-AJB-BGS, 2019 WL 3891148, at *6 (S.D. Cal., Aug. 19, 2019).

27. Based on the costs associated with Plaintiff's purchase of the Subject Vehicle as stated in the Purchase Agreement coupled with the civil penalty demand, if Plaintiff were to prevail on his claims under Song-Beverly she would be awarded statutory repurchase in the amount of approximately $50,371.60 and a one-time civil penalty of $50,371.60. Furthermore, more likely than not, attorney's fees alone will far exceed $15,000. (*See* Dixon Decl. at ¶ 9.) Based on the cost of the Subject Vehicle reflected in the Purchase Agreement, Plaintiff's damages would easily surpass the $75,000 requirement. (*See* Dixon Decl. ¶ 9.) The amount in controversy requirement is therefore satisfied.

28. Plaintiff also seeks injunctive relief and restitution. (Compl. at ¶ 25.) "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (*quoting Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997)). This action concerns the Subject Vehicle, which had an agreed upon value at the time of purchase of $50,371.60. (Purchase Agreement). Further, while the Complaint does not specify the type of injunctive relief sought, it appears Plaintiff wants the Court to take appropriate action to ensure future compliance with applicable laws, and as such, the additional costs associated with complying with the injunctive relief should also be considered to determine the amount in controversy. (Compl. ¶ 25.) *See In re Ford Motor Co./ Citibank (So. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce"); *see also BEM I, L.L.C. v. Anthropologie, Inc.*,

301 F.3d 548, 553 (7th Cir. 2002) (cost to defendant of complying with injunctive relief may be considered in determining amount-in-controversy for purposes of removal).

29. Accordingly, BMW NA has established that it is more likely than not that the amount in controversy exceeds $75,000.[2]

## THE OTHER REQUIREMENTS OF REMOVAL ARE MET

30. This Notice of Removal is being filed within thirty (30) days after BMW NA's receipt of the Complaint in this action. (*See* Dixon Decl. ¶ 3.) Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

31. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely under 28 U.S.C. Section 1446(c). (*See* Dixon Decl. ¶ 2.)

32. Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district. Thus, venue is proper under 28 U.S.C. Section 84 because this is the "district and division within which such action is pending." *See* 28 U.S.C. § 1446(a).

33. A true and correct copy of all other process, pleadings, and orders served in this action at the time of the removal and known to BMW NA are attached as **Exhibit F** to the Declaration of Robert K. Dixon. Pursuant to 28 U.S.C. Section 1446(a), and to the best of BMW NA's knowledge, Exhibits A through F constitute all the process, pleadings, and orders served in this action at the time of this removal.

---

[2] No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages or penalties based upon the allegations contained in the Complaint or otherwise. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability … [t]o establish the jurisdictional amount, [defendant] need not concede liability for the entire amount").

DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446

34.     Counsel for BMW NA certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice to counsel for Plaintiff.

35.     If any question arises as to the propriety of the removal of this Action, BMW NA respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case is removable.

For the forgoing reasons, BMW NA respectfully requests that this action be removed from the Superior Court of the State of California, for the County of San Diego, to this Court for all purposes, including trial.

Dated:     December 14. 2020            **WILSON TURNER KOSMO LLP**

By:     *s/ Robert K. Dixon*
VICKIE E. TURNER
ROBERT K. DIXON
OLIVIA J. MINER
DAVID M. MIDDLETON
Attorneys for Defendant
BMW OF NORTH AMERICA. LLC