UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA NGUYEN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC. AND DOES 1-10,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20CV2432-JLS(BLM)<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO STAY DISCOVERY**<br><br>**[ECF NO. 22]** |

Currently before the Court is Defendant's May 24, 2021 *Ex Parte* Application for an Order to Stay Discovery [ECF No. 22-1 ("Mot.")] and Plaintiff's May 26, 2021 opposition to the motion [ECF No. 23 ("Oppo.")]. For the reasons set forth below, Defendant's motion is **GRANTED**.

## PROCEDURAL BACKGROUND

The above-entitled matter was removed to this Court on December 14, 2020. ECF No. 1. The removal papers included Defendant's answer to Plaintiff's complaint alleging statutory violations of California Civil Code sections 1793.2(d), 1794(b), 1791.1, and 1794 and violation of California Business and Professions Code section 17200. ECF Nos. 1-5, 1-9 at 83-94; see also ECF No. 3.

On December 15, 2020, the Court issued a Notice and Order for Early Neutral Evaluation

Conference and Case Management Conference. ECF No. 4. The Court held the conferences on January 26, 2021. ECF No. 11. That same day, the Court opened discovery and issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings. ECF No. 12.

On January 13, 2021, Plaintiff filed a motion to remand that is currently pending. ECF No. 9.

On March 8, 2021, Defendant filed a motion to compel arbitration and stay action that is currently pending. ECF No. 16.

On April 6, 2021, Plaintiff served written discovery requests, including Interrogatories, Requests for Production, and Requests for Admissions, on Defendant. Mot. at 3; see also ECF No. 22-2, Declaration of David M. Middleton In Support ("Middleton Decl.") at ¶ 9. The discovery requests are related to Plaintiff's underlying claims. Id. On May 6, 2021, Defendant served its objections to the requests stating that it was protecting its right to compel arbitration. Middleton Decl. at ¶ 10, Exh. 1.

On May 21, 2021, Defendant filed an *Ex Parte* Application for Motion for Leave to File Supplemental Reply that is currently pending. ECF No. 21. On May 24, 2021, Defendant filed the instant motion. Mot.

## **DEFENDANT'S POSITION**

Defendant requests that the Court
> stay discovery in this case and vacate all future pretrial deadlines set forth in the Court's January 26, 2021 Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order") pending the Court's ruling on BMW NA's Motion to Compel Arbitration.

Mot. at 2. Defendant argues that it should not be required to engage in discovery while the motion to compel arbitration is pending because doing so may waive its right to arbitrate and that "[i]t is neither prudent nor cost effective for BMW NA to engage in discovery while" the motion is pending. Id. at 3-4; see also Middleton Decl. at ¶ 15. Defendant also argues that policy-related reasons support a stay of discovery because a stay "protects the purpose of arbitration." Id. at 7. Finally, Defendant argues that Plaintiff will not be prejudiced by a stay and that if the motion to compel arbitration is granted, the Federal Arbitration Act mandates a

2
20CV2432-JLS(BLM)

stay of discovery. Id. at 8.

## PLAINTIFF'S POSITION

Plaintiff contends that the motion to stay "amounts to little more than an effort to delay adjudication of this case" and is not warranted. Oppo. at 2. Plaintiff also contends that a stay would be "highly prejudicial" and that the law Defendant relies on in support of its argument concerning waiver of its arbitration rights does not apply to discovery procedures available in arbitration which is the discovery Plaintiff seeks. Id. Plaintiff also contends that Defendant has failed to satisfy the standard required for granting a motion to stay. Id. at 4. Specifically, the pending motion to compel arbitration is not case dispositive and not dispositive "on any issue at which discovery is aimed." Id. at 5. Additionally, the granting or denial of the motion to compel arbitration will not impact the discovery that Plaintiff conducts. Id. Plaintiff further contends that Defendant's arguments regarding the cost and burden of discovery "are unfounded and incorrect" and notes that the Federal Arbitration Act is not controlling of the instant matter. Id. at 5-6.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not automatically stay discovery when a potentially dispositive motion is pending. See Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd., 2018 WL 1569811, at *1 (N.D. Cal., Feb. 16, 2018) (quoting Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); see also Federal Housing Finance Agency v. GR Investments, LLC, 2019 WL 2527563, at *1 (D. Nev., June 18, 2019) ("[b]ut the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery.") (quoting Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997)); Ocean Garden Products Incorporated v. Blessings Inc., 2020 WL 4284383, at *3 (D. Ariz., July 27, 2020) ("[d]iscovery stays are not automatic.") (quoting Optronic Techs., 2018 WL 1569811, at *1). A motion to stay discovery must be supported by good cause and a "strong

showing." See United States v. Dynamic Medical Systems, LLC, 2020 WL 3035219, at *3 (E.D. Cal., June 5, 2020) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). When deciding whether to grant a stay of discovery, the court must consider the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination of every action." Federal Housing Finance Agency, 2019 WL 2527563, at *1 (quoting Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 602-603 (D. Nev. 2011)). District courts have "wide discretion in controlling discovery" and that discretion extends to staying discovery upon a showing of "good cause." Onn v. Carnival Corp., 2021 WL 1267264, at *1 (N.D. Cal., Apr. 6, 2021) (quoting Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)); see also Cellwitch, Inc. v. Tile, Inc., 2019 WL 5394848, at *1 (N.D. Cal., Oct. 22, 2019) ("The Court has discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss").

The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending but many federal district courts in California have utilized a two-part test. Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also PC Specialists, Inc. v. Micros Systems, Inc., 2011 WL 3475369, at *4 (S.D. Cal. Aug. 9, 2011) ("Defendant fail[ed] to address the factors the Court must consider in determining whether to . . . stay discovery, *e.g.*, Mlejnecky, 2011 WL 489743, at *5-6."). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Mlejnecky, 2011 WL 489743, at *6. If either part of the test is not met, discovery should proceed. Id. This two-factor test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted."[1]

---

[1] The "preliminary peek" is not intended to prejudge the outcome of the motion. See Tradebay, 278 F.R.D. at 603 ("as the court in Mlejnecky recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion.").

4

Cellwitch, Inc., 2019 WL 5394848, at *1 (citing Tradebay, 278 F.R.D. at 602).

"Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion." Tradebay, 278 F.R.D. at 602 (citing GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original))). In a third approach, courts have analyzed several factors on a case-by-case basis, including

> the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

Id. (citing Skellerup, 163 F.R.D. at 600-01). These cases find that discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." Id. (quoting Hachette Distribution v. Hudson County News Co., 136 F.R.D. 356 (E.D. N.Y. 1991)).

## **DISCUSSION**

Despite Defendant's failure to address the two-part test or any other test in its motion, the two-part test, as well as other relevant considerations, support a discovery stay. Initially, the "preliminary peek" at the pending motion to remand and motion to compel arbitration reveal that they are potentially dispositive of the entire case. See Arik v. Meyers, 2020 WL 515843, at *1 (D. Nev., Jan. 31, 2020) ("granting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel

5

arbitration dispositive for purposes of determining whether to stay discovery")[2]; see also Wilmington Savings Fund Society FSB v. El, 2019 WL 6310718, at *2 (D. Nev., Nov. 25, 2019) (staying discovery after taking a preliminary peek at the pending motion to remand).[3]

Second, the pending motions are fully briefed and under submission and can be decided without additional discovery.

Third, additional considerations support the stay. The requested stay will not unduly prejudice Plaintiff as the motion to remand and motion to compel arbitration are both fully briefed and under submission and any stay is likely to be brief.[4] In addition, the case has only been pending for six months so a brief delay will not greatly prejudice Plaintiff. On the other hand, requiring Defendant to engage in discovery that may not be permitted or accepted later

---

[2] See also District Council 16 International Union of Painters and Allied Trades, Painters Local No. 3 v. LML Enterprises, Inc., 2013 WL 3802837, at *2 (N.D. Cal., June 14, 2013) (noting that "District courts are divided as to whether a motion to compel arbitration is dispositive. Some have found the motion dispositive while "[o]thers have found that a motion to compel arbitration is not a dispositive motion.") (citing Amisil Holdings Ltd. v. Clarium Capital Mgmt., 622 F.Supp.2d 825, 827 n.1 (N.D.Cal.2007) (noting split among district courts and referring the motion with a recommendation to a district judge "in an abundance of caution"); Flannery v. Tri–State Div., 402 F.Supp.2d 819, 821 (E.D. Mich. 2005) (finding a motion to compel arbitration dispositive because "the effect of the magistrate judge's order is to terminate the litigation in this Court and transfer the case to another forum for a determination of the merits"); and Herko v. Metropolitan Life Ins. Co., 978 F. Supp. 141, 142 n.1 (W.D.N.Y.1997) (concluding that a motion to compel arbitration is not a dispositive motion because "the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged")).

[3] See also Long v. Aurora Bank, FSB, 2012 WL 2076842, at *2, n1. (D. Nev., June 8, 2012) ("[t]he Ninth Circuit has not taken a position on whether a motion to remand is dispositive. Other Circuit Courts of Appeal that have considered the issue have held that motions to remand are dispositive. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum.") (citing Williams v. Beemiller, Inc., 527 F.3d 259, 264–66 (2d Cir.2008); Vogel v. U.S. Office Products Co., 258 F.3d 509, 514–17 (6th Cir.2001) (noting a lack of decisions from other circuits); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994–97 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145–46 (3d Cir.1998)).

[4] The Court recognizes that there is a pending motion to file a supplemental reply, which Defendant filed on May 21, 2021 and Plaintiff opposed on May 26, 2021. ECF Nos. 21 and 24.

if the matter is sent to arbitration would be prejudicial to Defendant. A stay also will allow the Court to avoid any potentially unnecessary judicial expenditures such as discovery disputes that may or may not be relevant if the matter is remanded or sent to arbitration.

### **CONCLUSION**

For the reasons set forth above, Defendant's request to stay discovery is **GRANTED**. The Court hereby **STAYS** discovery and **ORDERS** the parties to contact Judge Major's Chambers within three (3) days of Judge Sammartino issuing Orders on the pending motion to remand and motion to compel arbitration. See ECF Nos. 9 & 16.

**IT IS SO ORDERED.**

Dated: 6/4/2021

Hon. Barbara L. Major
United States Magistrate Judge