UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA NGUYEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 to 10,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02432-JLS-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(ECF No. 9) |

Presently before the Court is Plaintiff Ha Nguyen's Motion to Remand ("Mot.," ECF No. 9). Also before the Court are Defendant BMW of North America, LLC's Opposition to ("Opp'n," ECF No. 13) and Plaintiff's Reply in Support of ("Reply," ECF No. 14) the Motion. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 15. Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff filed this action pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1790 *et seq.*, in the Superior Court of the State of California, County of San Diego, on October 1, 2020. *See generally* ECF No. 1-5 ("Compl."). Plaintiff alleges three causes of action arising from Defendant's (1) failure to

1

replace Plaintiff's vehicle or make restitution; (2) failure to service or repair Plaintiff's vehicle to conform to the applicable warranties within 30 days; and (3) breach of implied warranty of merchantability. *See generally id.* Plaintiff also alleges a cause of action for Defendant's unlawful business practices under California Business and Professions Code § 17200. *Id.* ¶¶ 24–25. Plaintiff served Defendant on November 13, 2020. Declaration of Robert K. Dixon ("Dixon Decl."), ECF No. 1-3, ¶ 3.

On December 14, 2020, Defendant removed to this Court on the ground that this "is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs." ECF No. 1 ¶ 6 ("Notice of Removal") (citing 28 U.S.C. §§ 1332(a), 1441). Plaintiff filed the instant Motion on January 13, 2021. *See generally* Mot.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

///

## ANALYSIS

Plaintiff challenges Defendant's removal based on diversity jurisdiction. Plaintiff first contends that Defendant failed to properly demonstrate complete diversity of citizenship between the Parties. *See* Mot. at 5–8. In addition, Plaintiff contends that Defendant failed to prove that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. *See id.* at 9–10. The Court considers these issues in turn.

### I. Diversity of Citizenship

Plaintiff contends that Defendant has failed to conclusively establish the citizenship of both Parties. *See* Mot. at 1. Plaintiff further argues that Defendant has failed to establish Plaintiff's citizenship at the time Plaintiff filed her complaint. *Id.* at 7 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005)). However, despite Plaintiff's arguments, the Court finds complete diversity exists here.

First, Defendant asserts it is a citizen of New Jersey and Delaware. Notice of Removal ¶ 11. Defendant is a limited liability company. *Id.* For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Colom. Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, Defendant's only member is BMW (US) Holding Corp. Dixon Decl. ¶ 5. BMW Holding Corp. is incorporated in Delaware and has its principal place of business in New Jersey. Notice of Removal ¶ 11; *see also* Opp'n at 7 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). Plaintiff offers no evidence to rebut this. *See generally* Mot.

Instead, Plaintiff asserts that Defendant has failed to provide any admissible evidence to prove Defendant's own citizenship. *See* Mot. at 5. Specifically, Plaintiff argues that Defendant's declaration in support of its Notice of Removal is inadmissible hearsay. *See id.* at 1. However, even if Plaintiff is correct, "the Court may consider inadmissible hearsay when evaluating a motion where it finds the content could be submitted in an admissible form at trial." *Potts v. Ford Motor Co.*, No. 21-CV-00256-BEN-BGS, 2021 WL 2014796, at *3 (S.D. Cal. May 20, 2021) (citing *JL Beverage Co.*,

*LLC v. Jim Beam Brands Co.*, 838 F.3d 1098, 1110 (9th Cir. 2016)).  Such a declaration is sufficient to establish citizenship here because its content could be submitted in an admissible form at trial.  *See Kalasho v. BMW of N. Am.*, No. 20-CV-1423-CAB-AHG, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020); *Modiano v. BMW of N. Am.*, No. 21-cv-00040-DMS-MDD, 2021 WL 973566, at *3 (S.D. Cal. Mar. 6, 2021).  Moreover, Defendant's profile on the California Secretary of State website acknowledges Defendant to be a citizen of Delaware and New Jersey.  Opp'n at 7.  This, too, is sufficient to establish citizenship.  *See Potts*, 2021 WL 2014796, at *3; *Modiano*, 2021 WL 973566, at *2; *see also Bleakley v. Birdcage Shopping Ctr.*, No. CIV210332WBSEFB, 2010 WL 11700698, at *2 (E.D. Cal. Apr. 13, 2010) ("[B]ecause the record is generated by an official government website its accuracy is not reasonably in dispute.").  Furthermore, Plaintiff does not rebut that Defendant is a citizen of Delaware and New Jersey, but rather argues that the evidence is inadmissible.  *See generally* Mot.  Accordingly, the Court may take judicial notice of Defendant's citizenship from public records.  *See Potts*, 2021 WL 2014796, at *3 ("[B]ecause Plaintiffs do not actually dispute CarMax's citizenship but rather only dispute whether the evidence supporting it is admissible, the Court notes that it may (and does) take judicial notice of CarMax's citizenship from publicly accessible records." (footnote omitted) (citing Fed. R. Evid. 201)).  Thus, for the purposes of diversity jurisdiction, the Court finds that Defendant is a citizen of Delaware and New Jersey.

Next, Defendant claims that Plaintiff is a citizen of California.  Notice of Removal ¶ 8.  Defendant relies on the Purchase Agreement to prove Plaintiff's citizenship.  *Id.*; *see also* ECF No. 1-7 ("Purchase Agreement").  Plaintiff, in turn, contends that the Purchase Agreement is hearsay.  Mot. at 6.  Plaintiff further argues both that the Purchase Agreement does not prove that Plaintiff's residence is the address listed, nor that Plaintiff lived at the address at the time of filing the complaint.  *Id.* at 7.  However, the Purchase Agreement is a contract that is signed by both parties.  *See* Purchase Agreement at 39–45.  Accordingly, it is not hearsay.  *See Modiano*, 2021 WL 973566, at *2 ("The Lease Agreement is a contract, signed by both parties, and is therefore not hearsay." (citing *United States v. Pang*,

362 F.3d 1187, 1192 (9th Cir. 2004))). The Purchase Agreement indicates that Plaintiff's address is in California. Purchase Agreement at 39. Courts in this District have found residency based on similar documents.[1] *See Potts*, 2021 WL 2014796, at *4 (credit application); *Kalasho*, 2020 WL 5652275, at *1 (lease agreement, bill of sale, and service receipts); *Modiano*, 2021 WL 973566, at *2 (lease agreement and statement of information). While residence does not necessarily equal domicile, "the 'place where a person lives is taken to be his [or her] domicile until facts are adduced to establish the contrary.'" *Roehm v. Ford Motor Co.*, No. 18cv1278 JM(JMA), 2018 WL 4520542, at *2 (S.D. Cal. Sept. 21, 2018) (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891)) (alteration in original).

Plaintiff has not presented any facts to dispute that Plaintiff was domiciled at the address on the Purchase Agreement. *See generally* Mot. Similarly, Plaintiff has not presented any facts to indicate Plaintiff no longer resides at that address. *Id.* Plaintiff could have made a declaration that she is not a resident of California at the time of removal, *see Roehm*, 2018 WL 4520542, at *2, ("[A] simple declaration to that effect would suffice to destroy diversity."), but Plaintiff has chosen not to do so. *See generally* Declaration of Jeffrey O. Moses ("Moses Decl."), ECF No. 14-1. "Plaintiff cannot hide behind abstract and reactionary burden of proof arguments without producing any evidentiary support to the contrary." *Zeto*, 2020 WL 6708061, at *3. Accordingly, the Court finds that Plaintiff is a resident of California for the purpose of evaluating diversity jurisdiction. Because Defendant a resident of Delaware and New Jersey, the Court finds that complete diversity of citizenship exists.

///

///

---

[1] Although it is true that "[n]owhere does the alleged contract state that 'Plaintiff *lived* in San Diego,'" Reply at 7 (emphasis added), the Purchase Agreement lists Plaintiff's address. Purchase Agreement at 39–45. For her part, Plaintiff claims that the address could be anything—a business address, a mailing address, etc. Mot. at 7. But Plaintiff offers no evidence to rebut the presumption that she lives at the address on the Purchase Agreement. *See generally id.*

## II. Amount in Controversy

Plaintiff also alleges that the Court lacks jurisdiction because the amount in controversy is less than $75,000. *See* Mot. at 9–15. Additionally, Plaintiff argues that Defendant has not carried its burden of proving the amount in controversy because Defendant's calculations are highly speculative.[2] *Id.* at 9–10. In her Complaint, however, Plaintiff alleges that she has suffered damages not less than $25,000. Compl. ¶ 9. In addition, Plaintiff maintains that the actions of Defendant were willful, thereby entitling Plaintiff to a civil penalty up to two times Plaintiff's actual damages, pursuant to California Civil Code § 1794(c).[3] *Id.* ¶ 10.

Defendant bears the burden of showing that the amount in controversy is greater than $75,000. *Potts*, 2021 WL 2014796, at *4 (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). However, to determine the amount in controversy, a court must "first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[The Court] look[s] no farther than the pleadings to determine the amount in controversy unless from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 382, 389 (1938)). Moreover, "[i]n measuring the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth*

///

---

[2] The notice of removal only needs to "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Only "[w]hen the amount in controversy is challenged" does Defendant have "the burden to show, 'by the preponderance of evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Roehm*, 2018 WL 4520542, at *3 n.3 (quoting 28 U.S.C. § 1446(c)(2)(B)).

[3] "If the buyer establishes that the failure to comply was willful, the judgement may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civil Code § 1794(c).

*Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

Plaintiff alleges on the face of her Complaint that she is entitled to more than $25,000 in actual damages and double that amount in civil penalties—an amount greater than $75,000.[4]  Compl. ¶¶ 9–10.  However, the Parties disagree over whether the Song-Beverly Act's civil penalties should be included in the calculation of the amount in controversy.[5]  *See* Mot. at 10–12; Opp'n at 12–13.  Courts in this District are split on the issue.  *Compare Kalasho*, 2020 WL 5652275, at *2 (including § 1794's civil damage penalty in the amount in controversy), *Modiano*, 2021 WL 973566, at *4 (same), *and Potts*, 2021 WL 2014796, at *5 (same), *with Millan v. FCA U.S. LLC*, No. 20cv328 JM (MDD), 2020 WL 3604132, at *2 (S.D. Cal. July 2, 2020) (holding that defendant had not met burden of showing that civil penalty likely would be applied), *and Ronquillo v. BMW of N. Am., LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) (finding "defendant must make some effort to justify the assumption" that civil damages will be awarded).

Notwithstanding the split, the Court finds the arguments in favor of including civil penalties in the amount in controversy calculation in a Song-Beverly Act action more persuasive.  "[T]he amount of controversy analysis may include civil penalty damages as long as they are recoverable under state law." *Zeto*, 2020 WL 6708061, at *4 (citing

---

[4] Plaintiff contends that the civil penalty could be less than double her damages, and therefore less than the jurisdictional amount.  Reply at 7.  But "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will *actually* owe."  *Korn*, 536 F. Supp. 1205 (citing *Rippee v. Bos. Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

[5] Plaintiff, in part, cites *Fahed Ismat Zawaideh v. BMW of North America, LLC*, No. 12-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018), for her contention that courts do not "automatically assume full civil penalties in Song-Beverly cases when it comes to Defendant's burden of proof."  Reply at 8 (emphasis removed).  Plaintiff further cites *Jackson v. Frank*, No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec 7, 2012), and *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).  Mot. at 11.  However, these cases only stand for the proposition that courts will "exclude[] punitive damages where the complaint[] merely state[s] a general request for punitive damages and the defendant[] latche[s] on to the prayer for relief without providing additional 'facts.'"  *Zeto*, 2020 WL 6708061, at *5.  Here, like *Zeto*, Defendant has provided a specific estimate of the penalty, buttressed by Plaintiff's "hyper-specific damages tabulation."  *Id.*

*Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). Indeed, the civil penalty damages of § 1794 "are akin to punitive damages." *Potts*, 2021 WL 2014796, at *5 (quoting *Luna v. BMW of N. Am., LLC*, No. 3:17-cv-02067-BEN-KSC, 2018 WL 2328365, at *3 (S.D. Cal. May 21, 2018)). Because punitive damages are included in the amount in controversy, *see Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238 (1943), "it follows . . . that the civil penalties sought here should be included in the amount in controversy." *Potts*, 2021 WL 2014796, at *5. Furthermore, while courts generally scrutinize punitive damages when they make up a large chunk of the amount in controversy, "not much scrutiny is needed when the Song-Beverly Act expressly states the contours of damages, and Plaintiff requests that amount." *Zeto*, 2020 WL 6708061, at *4. Accordingly, this Court will include the civil penalty in its calculation of the amount in controversy.

      Nor does the fact that Plaintiff claims there would be "significant statutory offsets" change the Court's findings. Mot. at 9 (emphasis omitted). It is true that under the Song-Beverly Act, damages may be reduced according to usage of the car before the buyer returned it to the manufacturer or distributor. *See* Cal. Civil Code § 1793.2(2)(C).[6] However, "[statutory offsets do] not impact the amount in controversy, which assumes that the jury will return a verdict for the plaintiff on all causes of action." *Zeto*, 2020 WL 6708061, at *5 (emphasis omitted). In any event, Defendant has provided the Court with the specific statutory offset amount—$1,260.67. Opp'n at 12. This would not reduce the damages below the amount in controversy. Plaintiff does not refute this number in her Reply Brief, but instead repeats the same abstract argument made in her Motion to Remand—that the civil penalty could be next to nothing. Reply at 7.

///

---

[6] "When the manufacturer replaces the new motor vehicle pursuant to subparagraph (A), the buyer shall only be liable to pay the manufacturer an amount directly attributable to use by the buyer of the replaced vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civil. Code § 1793.2(d)(2)(C).

Plaintiff further argues that future attorney fees should not be included in the amount in controversy. Mot. at 12. This is a moot point, as the amount in controversy is met by actual damages and the civil penalty alone. *See* Compl. ¶¶ 9–10. The amount in controversy is well above the required jurisdictional amount, thus satisfying the requirements of 28 U.S.C. § 1332.

## III. Judicial Comity

Plaintiff last argues that principles of judicial comity compel the Court to remand this case. Mot. at 16–17. However, the case Plaintiff cites in support of this proposition, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), concerns federal question jurisdiction, not diversity jurisdiction. *See* Mot. at 16. Nevertheless, Plaintiff argues that because the present action is a "lemon law case[] based entirely on state consumer protection law," the Court should consider remand.[7] Mot. at 17. The Court finds *Grable & Sons* inapplicable, as the Court frequently hears cases concerning solely state law claims when sitting in diversity. *See, e.g.*, *Zeto*, 2020 WL 6708061, at *2; *Modiano*, 2021 WL 973566, at *4; *Kalasho*, 2020 WL 5652275, at *3. Accordingly, Plaintiff's comity contention is without merit.

## CONCLUSION

In sum, the Court finds that Defendant establishes, by a preponderance of the evidence, that the Parties are diverse and the amount in controversy is satisfied. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand (ECF No. 9).

**IT IS SO ORDERED.**

Dated: June 14, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[7] Statutes such as the Song-Beverly Act "are frequently referred to as 'lemon laws.'" *Roehm*, 2018 WL 4520542, at *3 n.1.