UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA NGUYEN,<br><br>  Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; and DOES 1 to 10,<br><br>  Defendants. | Case No.: 20-CV-2432 JLS (BLM)<br><br>**ORDER (1) DENYING DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL REPLY; (2) OVERRULING PLAINTIFF'S EVIDENTIARY OBJECTIONS; (3) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; AND (4) STAYING ACTION**<br><br>(ECF Nos. 16, 21) |

   Presently before the Court is Defendant BMW of North America, LLC's Motion to Compel Arbitration ("Mot.," ECF No. 16), Plaintiff Ha Nguyen's Opposition thereto ("Opp'n," ECF No. 18), and Defendant's Reply in support thereof ("Reply," ECF No. 19). The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 20. Also before the Court are Defendant's *Ex Parte* Application for Leave to File Supplemental Reply ("S.R. Mot.," ECF No. 21) and Plaintiff's Opposition thereto ("S.R. Opp'n," ECF No. 24); and Plaintiff's Evidentiary Objections to the

Declaration of Robert K. Dixon ("Dixon Objs.," ECF No. 18-1) and Defendant's Response thereto ("Objs. Resp.," ECF No. 19-1). Having considered the Parties' arguments and the law, the Court **DENIES** Defendant's Application for Leave to File Supplemental Reply, **OVERRULES** Plaintiff's evidentiary objections, and **GRANTS** Defendant's Motion to Compel Arbitration.

## BACKGROUND

On August 2, 2017, Plaintiff entered into a written contract with BMW of Monrovia ("Dealer") to purchase a 2014 BMW 435i Convertible (the "Vehicle"), which Defendant allegedly manufactured or distributed. *See generally* ECF No. 1-5 ("Compl."). Defendant gave Plaintiff an express written warranty that Defendant would "preserve or maintain the utility or performance of the Vehicle or . . . provide compensation if there is a failure in utility or performance for a specified period of time." *Id.* ¶ 5. The contract between Plaintiff and Dealer, titled BMW Financial Services Motor Vehicle Retail Installment Contract–California ("Purchase Agreement," ECF No. 16-2), contains an arbitration clause that is the subject of the present Motions. Mot. at 2.

Plaintiff alleges that, during the warranty period, the Vehicle manifested several reoccurring problems, including: (1) malfunction of the engine or engine system; (2) activation of the drivetrain malfunction warning light; (3) activation of the check engine light; (4) loss of power; and (5) the Vehicle going into neutral or stalling while being driven. Compl. ¶ 6. After several opportunities, Defendant and its representatives were unable to repair the alleged defects in the Vehicle to conform it to the express warranty. *Id.* ¶ 7. Defendant has also purportedly failed to make restitution to Plaintiff. *Id.*

Plaintiff filed this action pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1790 *et seq.*, in the Superior Court of the State of California, County of San Diego, on October 1, 2020. *See generally* Compl. Plaintiff alleges three causes of action arising from Defendant's (1) failure to replace the Vehicle or make restitution; (2) failure to service or repair the Vehicle to conform to the applicable warranties within 30 days; and (3) breach of the implied warranty of

merchantability. *See generally id.* Plaintiff also alleges a cause of action for Defendant's unlawful business practices under California Business and Professions Code §§ 17200 *et seq. Id.* ¶¶ 24–25. On December 14, 2020, Defendant removed to this Court. *See* ECF No. 1. Plaintiff moved to remand the action, *see* ECF No. 9, which this Court denied, *see* ECF No. 26. Defendant then filed the present Motion to Compel Arbitration.

## ANALYSIS

### I. Motion for Leave to File Sur-Reply

Almost two months after the Court took the present Motion to Compel Arbitration under submission, *see* ECF No. 20, Defendant filed an *ex parte* application requesting leave to file a sur-reply to address Plaintiff's arguments regarding preemption. *See* S.R. Mot. at 2. Plaintiff's preemption arguments, which were first raised by Plaintiff in her Opposition, were not addressed by Defendant in its Reply brief. *See id.* Defendant argues that Plaintiff will not be prejudiced by a sur-reply and that good cause exists to grant its application because it would "provide the court a complete record to facilitate a well-reasoned decision." *See id.* at 4. Plaintiff counters that Defendant seeks "a second bite at the apple" by filing this application. S.R. Opp'n at 4. Plaintiff argues that Defendant had an opportunity to address Plaintiff's arguments in its Reply, but Defendant neglected to do so. *Id.*

The Civil Local Rules do not allow for sur-replies. "District courts have the discretion to either permit or preclude the filing of a sur-reply." *Estate of Alvarado v. Tackett*, No. 13-CV-1202 W (JMA), 2018 WL 1141502, at *1 (S.D. Cal. Mar. 2, 2018) (citing *Johnson v. Wennes*, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009)). Courts generally exercise discretion when a valid reason exists, such as where the movant raises new arguments in the Reply brief. *Id.* (citation omitted). But this is not an instance where the movant raised new arguments in the Reply brief. Rather,

///
///
///

3

Defendant seeks to file a sur-reply to supplement *its own* Reply brief.[1]  As Plaintiff points out, "Plaintiff's opposition has not changed; there are no new facts; and Defendant is not arguing there is new controlling law."  S.R. Opp'n at 5.  Defendant had an opportunity to address all the arguments raised by Plaintiff in her Opposition, and Defendant simply neglected to do so.  "In short, [Defendant] was afforded a full opportunity to address [Plaintiff's] arguments . . . and the [C]ourt declines to afford [Defendant] a second bite at the apple."  *Hammler v. Hudson*, No, 2:16-cv-1153-JAM-EFB P, 2018 WL 6199056, at *1 (E.D. Cal. Nov. 28, 2018); *see also Sawicky v. AMC Networks Inc.*, No. CV 18-114-R, 2018 WL 11292263, at *1 (C.D. Cal. July 11, 2018) ("It appears [the plaintiff] seeks a second bite at the apple but does not show good cause to do so.  Therefore, her request is denied.").

The Court therefore declines to exercise its discretion to allow Defendant to supplement its own Reply and **DENIES** Defendant's Motion for Leave to File a Sur-Reply.

## II.    Evidentiary Objections

The Court next addresses Plaintiff's evidentiary objections.  In conjunction with its motion to compel arbitration, Defendant submitted the declarations of Robert Dixon ("Dixon Decl.," ECF No. 16-1) and Lilly Natividad ("Natividad Decl.," ECF No. 16-2).  Attached as exhibits to the declarations are the Purchase Agreement entered into between Plaintiff and Dealer and Defendant's Statement of Information from the California Secretary of State's website.  Plaintiff objects to Mr. Dixon's declaration on numerous evidentiary grounds including lack of foundation, lack of authentication, hearsay, and relevance.  *See generally* Dixon Objs.

As an initial matter, it is not clear to the Court what Plaintiff is objecting to.  Plaintiff provides a list of evidentiary rules without any analysis to support her objections.

---

[1] The Court further notes that Defendant's original Reply brief exceeded the ten-page limit set forth in Civil Local Rule 7.1.h.  Although Defendant "apologize[d] to the Court for this oversight," S.R. Mot. at 2 n.1, allowing Defendant an opportunity to file a third brief regarding its Motion to Compel Arbitration is prejudicial to Plaintiff, who filed a single opposition brief in compliance with the local rules and the page limit set forth therein.

Additionally, Plaintiff objects to Mr. Dixon's declaration, but does not object to Ms. Natividad's.

Plaintiff challenges the paragraph of Mr. Dixon's declaration that introduces the Purchase Agreement. *See generally* Dixon Objs. However, the Purchase Agreement entered into between Plaintiff and Dealer is included as an exhibit to Ms. Natividad's declaration, not Mr. Dixon's declaration. *See generally* Natividad Decl., Ex. 1. Ms. Natividad avers that she is employed as the controller of Dealer. Natividad Decl. ¶ 2. In her role as controller, Ms. Natividad is Dealer's custodian of records, and she has access to Dealer's documents, including sales files and repair records. *Id.* Under penalty of perjury, Ms. Natividad states that the exhibit attached to her declaration is a true and correct copy of Plaintiff's Purchase Agreement. *Id.* ¶ 3. Plaintiff objects that Mr. Dixon's declaration is inadequate to authenticate the Purchase Agreement. Dixon Objs. at 2.

Federal Rule of Evidence 901 requires that an item be authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims" prior to its admission into evidence. This finding is governed under the conditional relevancy standard of Rule 104(b). Fed. R. Evid. 901(a) advisory committee note. Under Rule 104(b), "[t]he court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988).

The Court need not rely on Mr. Dixon's declaration to authenticate the Purchase Agreement because Defendant has met its burden to authenticate the Purchase Agreement with Ms. Natividad's declaration. Ms. Natividad avers that the Purchase Agreement is a true and correct copy. Natividad Decl. ¶ 3. Ms. Natividad, who is employed as the controller at Dealer, declares that the Purchase Agreement is from Dealer's sale files, and that such documents and files are prepared by Dealer in its ordinary course of business. *Id.* ¶¶ 2–3. Ms. Natividad states that "BMW of Monrovia maintains a sales file for every retail vehicle sale." *Id.* ¶ 5. The document also contains "sufficient indicia that, taken in conjunction with the circumstances of its production from [Ms. Natividad's] employer,

support Defendant's claim that the agreement is what it purports to be." *Safley v. BMW of N. Am., LLC*, No. 20-cv-00366-BAS-MDD, 2021 WL 409722, at *3 (S.D. Cal. Feb. 5, 2021). Further, Plaintiff has presented no evidence contesting the document's authenticity. Defendant meets its low burden to authenticate the Purchase Agreement, and because Plaintiff does not submit any evidence challenging the document's authenticity, the Court overrules Plaintiff's objection.

As for the remainder of Plaintiff's boilerplate objections, "[t]he Court declines [Plaintiff's] invitation to analyze objections that [Plaintiff] did not [herself] bother to analyze[.]" *Californians for Disability Rts., Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 350 (N.D. Cal. 2008); *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (denying evidentiary objections as "unduly vague" where the defendant failed to provide any individualized discussion of the objections); *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (citation omitted) (declining to scrutinize "boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence."). Accordingly, the Court **OVERRULES** Plaintiff's evidentiary objections.

### III. Request for Judicial Notice

In light of the Court's ruling on Plaintiff's evidentiary objections, the Court next turns to Defendant's request for judicial notice. Defendant requests the Court take judicial notice of the Purchase Agreement, a Notice of Interested Parties that Defendant filed in a previous case in the Central District of California, and Defendant's Statement of Information filed with the California Secretary of State's office. *See* ECF No. 16–5. The Court will take judicial notice of these materials. *See Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) ("A court may take judicial notice of documents that are 'integral to the plaintiff's claims' and whose 'authenticity is not disputed,' even if they are not explicitly incorporated into the complaint." (citation omitted)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[A court] may take judicial notice of court filings and other matters of public record."

(citation omitted)); *Vieira v. Mentor Worldwide, LLC*, No. 2:18-cv-06502-AB (PLAx), 2018 WL 4275998, at *3 n.2 (C.D. Cal. Sept. 7, 2018) ("A court may take judicial notice of maters of public record, and a California Statement of Information is a matter of public record." (citation omitted)).

**IV.   Motion to Compel Arbitration**

   **A.   Legal Standard**

"The Federal Arbitration Act ('FAA') governs the enforceability of arbitration agreements in contracts involving commerce." *Kalasho v. BMW of N. Am., LLC*, No. 3:20-CV-01423-CAB-AHG, 2021 WL 673535, at *1 (S.D. Cal. Feb. 22, 2021) (citing 9 U.S.C. §§ 1 *et seq.*).  The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Additionally, the FAA permits an aggrieved party to a written arbitration provision to "petition any United States District Court . . . for an order directing that such arbitration proceed in a manner provided for in [the arbitration] agreement." *Id.* § 4.  "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted).  Once it is shown that a party has failed to comply with a valid agreement to arbitrate, "the district court must issue an order compelling arbitration." *Safley*, 2021 WL 409722, at *2 (citing 9 U.S.C. § 4).  "[C]ourts apply a presumption in favor of arbitrability . . . and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts v. Atl.-Pac. Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012) (citations omitted).

   **B.   Analysis**

As a threshold matter, the Court notes that "[t]his type of case is not new." *Safley*, 2021 WL 409722, at *2 (quoting *Ruderman v. Rolls Royce Motor Cars, LLC*, No. 2:20-cv-04529-JWH (RAOx), 2021 WL 141179, at *3 (C.D. Cal. Jan. 7, 2021)).  "It is but one of many where a car manufacturer or distributor seeks to enforce the arbitration clause in a

dealership's contract." *Id.* Courts tend to reach divergent conclusions on whether to compel arbitration, "depending on the language of the dealership's agreements and the parties' arguments." *See id.* (collecting cases).

The arbitration clause in the Purchase Agreement provides:

> **NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.
>
> **"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, purchase or condition of this Vehicle, this Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract).

Purchase Agreement at 6.[2] With this clause in mind, the Court turns to the Parties' contentions.[3]

Defendant claims that Plaintiff consented to arbitration by signing the Purchase Agreement and that the Parties' dispute falls within the scope of the arbitration clause. *See* Mot. at 4, 6. While Defendant concedes that it is not "expressly a signatory to the Purchase Agreement," Defendant argues it has standing to enforce the arbitration provision as a

---

[2] Per the Purchase Agreement, "I," "me," and "my" refer to the car buyer—i.e., Plaintiff—*see* Purchase Agreement at 1, while "you" and "your" refer to the Dealer, BMW of Monrovia, or the Dealer's assignee, BMW Bank of North America, *see id.* at 1, 7.

[3] The Parties do not dispute that California law applies here. *See generally* Mot.; Opp'n.

third-party beneficiary or through the doctrine of equitable estoppel. *See generally id.* Plaintiff contends that Defendant cannot enforce the arbitration clause because Defendant is not a third-party beneficiary to the Purchase Agreement and equitable estoppel does not apply here. *See* Opp'n at 8–14. Alternatively, Plaintiff argues that even if Defendant has standing to invoke the arbitration clause, the arbitration clause is unenforceable because it "expressly prohibits" application of the California Arbitration Act, California Civil Procedure Code §§ 1280 *et seq.* ("CAA"). *Id.* at 6. The Court will first determine whether Defendant has standing to compel arbitration, and then examine the enforceability of the arbitration provision.

            1.    *Defendant's Standing to Compel Arbitration*

Plaintiff first argues that her claims do not arise out of the Purchase Agreement that contains the arbitration clause, and instead the implied and express warranties are stand-alone agreements between Plaintiff and Defendant. Opp'n at 8. In response, Defendant asserts that Plaintiff's claims necessarily rely on the Purchase Agreement because a purchase transaction is required to trigger protections under the Song-Beverly Act. *See* Reply at 5. Next, Plaintiff argues that if the Court does consider the Purchase Agreement, that Defendant cannot compel arbitration because it is not a signatory to the Purchase Agreement. *See id.* at 8–10. Defendant does not dispute that it is not an express signatory to the Purchase Agreement between Plaintiff and Dealer; however, Defendant contends that it is entitled to enforce the arbitration clause contained in the Purchase Agreement either as a third-party beneficiary or based on a theory of equitable estoppel. Mot. at 11–15, 17–19. As the Court finds that Defendant is a third-party beneficiary expressly contemplated in the Purchase Agreement, the Court need not reach Defendant's equitable estoppel argument.

As an initial matter, Plaintiff's arguments that her claims do not arise out of the Purchase Agreement are not persuasive. Plaintiff's Song-Beverly Act claims arise from her purchase of the Vehicle. *See* Cal. Civ. Code § 1794 (providing that "[a]ny *buyer* of consumer goods" has standing to bring a claim "under an implied or express warranty or

service contract") (emphasis added); *see also* Johnson Decl., Ex. 1 at 11 (stating coverage under Defendant's warranty "begins on the date of first retail sale"). Absent the Purchase Agreement, Plaintiff would not have received the express or implied warranties from Defendant. *See Lanning v. BMW of N. Am., LLC*, No. 3:19-CV-00773-BEN-LL, 2019 WL 5748518, at *3 (S.D. Cal. Nov. 5, 2019) (finding the plaintiff's Song-Beverly Act claims against manufacturer are "intertwined" with the purchase agreement). Therefore, the Court will examine whether Defendant is a third-party beneficiary to the Purchase Agreement.

Under California law, a "contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. Where a party seeks to enforce a contract as a third-party beneficiary, "the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 2000)). The party seeking to enforce the contract must demonstrate it is a member of a class of persons for whose benefit the contract was made, although it is not necessary that the third party be expressly named or identified. *See Balsam v. Tucows Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010) (citing *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1023 (2009)).

California federal district courts examining whether a car manufacturer or distributor qualifies as a third-party beneficiary to a dealership's sales contract have decided the issue both ways depending in large part on the language of the arbitration agreement. *Compare Ruderman*, 511 F. Supp. 3d at 1058 (finding language in purchase agreement that "[e]ither you or I" may compel arbitration does not encompass car company), *and Jurosky v. BMW of N. Am., LLC*, 441 F. Supp. 3d 963, 975 (S.D. Cal. 2020) (finding manufacturer not expressly referenced in "you and us" clause or "third parties" clause is not a third-party beneficiary), *with Tseng v. BMW of N. Am., LLC*, No. 220CV00256VAPAFMX, 2020 WL 4032305, at *3 (C.D. Cal. Apr. 15, 2020) (finding car company is an "affiliate" expressly contemplated by the plain language of the purchase agreement), *and Zeto v. BMW of N.*

*Am., LLC*, No. 20-CV-1380-GPC-KSC, 2020 WL 6708061, at *9 (S.D. Cal. Nov. 16, 2020) (finding car manufacturer falls into broad "any third party" category that may compel arbitration for covered "claims").

The arbitration clauses analyzed by the *Tseng* and *Zeto* courts are identical to the one at issue here. Both courts found Defendant was a third-party beneficiary of the sales contract the plaintiffs entered into with a dealership because the language of the arbitration clause contemplates Defendant as a third-party beneficiary. *Tseng*, 2020 WL 4032305, at *3; *Zeto*, 2020 WL 6708061, at *9. The Court finds the reasoning of these courts persuasive. The arbitration clause covers, *inter alia*, Dealer's "assigns" and "affiliates." Purchase agreement at 6. The Purchase Agreement names BMW Bank of North America LLC, a wholly owned subsidiary of BMW Financial Services NA, LLC, as Dealer's assignee. Purchase agreement at 12. Defendant is a "manager" or "member" of BMW Financial Services NA, LLC, and therefore qualifies as an affiliate under the Purchase Agreement. *See* Ex. 4, ECF No. 16-1; *see also Fikhman v. BMW of N. Am. LLC*, No. 219CV03963VAPMRWX, 2019 WL 6721626, at *3 (C.D. Cal. Oct. 15, 2019) (finding Defendant, "the manager" of BMW Financial Services NA, LLC, to be an "affiliate" of BMW Financial Services NA, LLC and thus granting Defendant's motion to compel arbitration). Based on the plain language of the Purchase Agreement, the Court finds Defendant is "a member of a class of persons whose benefit [the Purchase Agreement] was made." *Balsam*, 627 F.3d at 1161 (quoting *Spinks*, 171 Cal. App. 4th at 1023).

Additionally, the arbitration clause in the Purchase Agreement encompasses claims against third parties that arise out of the "condition of this Vehicle." Purchase Agreement at 6. When examining identical language, the *Zeto* court found that "the Arbitration Clause foresees and includes the current dispute, where a consumer sues the manufacturer concerning the defects of the car." *Zeto*, 2020 WL 6708061, at *9. The *Zeto* court accordingly found that the express terms of the agreement intended the defendant to be a third-party beneficiary that may compel arbitration. *Id.* at *10–11. Such is also the case here.

Therefore, Defendant has standing to compel arbitration as a third-party beneficiary of the Purchase Agreement. The Court will next examine whether the arbitration clause is enforceable.

### 2.     *Enforceability*

Plaintiff argues that the arbitration clause is void and unenforceable due to the purported waiver of Plaintiff's right to select a neutral arbitrator under the CAA. Opp'n at 4–6. Two provisions of the arbitration clause are determinative in the Court's analysis. The Purchase Agreement provides that (1) "[t]his Contract involves interstate commerce and this Arbitration Clause and any arbitration hereunder shall be governed by the [FAA] and not by any state law concerning arbitration" and (2) "[t]he arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings." Purchase Agreement at 6. The Court agrees with Plaintiff that these provisions are unenforceable.

"California Civil Code section 3513 prohibits a waiver of statutory rights by private agreement where one of the primary purposes of the statute is to benefit the public." *Kalasho*, 2021 WL 673535, at *4 (citing Cal. Civ. Code § 3513). Plaintiff relies on *Azteca Construction* to argue that "CAA's procedural safeguards for ensuring selection of a neutral arbitrator are laws established for a public reason." Opp'n at 6 (citing *Azteca Constr., Inc. v. ADR Consulting, Inc.*, 121 Cal. App. 4th 1156, 1167 (2004)). Defendant, for its part, claims that *Azteca Construction* is distinguishable because "it analyzed a construction, not a consumer, arbitration under AAA rules." Reply at 4 (footnote omitted). But the Court finds this distinction unpersuasive. *Azteca Construction* noted that "there is no doubt [the CAA was] enacted primarily for a public purpose." 121 Cal. App. 4th at 1167. Nothing in the opinion would suggest that this statement is limited to arbitration involving construction under AAA rules. *See generally id.* In fact, *Azteca Construction* recognized that the purpose behind the CAA is "to provide basic measures of *consumer* protection with respect to private arbitration[.]" *Id.* at 1165 (emphasis added) (citation and internal quotation marks omitted). The Court therefore disagrees with Defendant that this

case is inapposite and finds that one of the primary purposes of the CAA is to benefit the public.

Further, Plaintiff contends that the CAA is not preempted by the FAA. *See* Opp'n at 5. Defendant does not address preemption in its Reply. *See generally* Reply. "Section 2 of the FAA preempts state statutes and common law principles that 'undercut the enforceability of arbitration agreements,' unless the savings clause applies." *Villarreal v. Perfection Pet Foods, LLC*, No. 1:16-cv-01661-LJO-EPG, 2017 WL 1353802, at *4 (E.D. Cal. Apr. 10, 2017) (emphasis added) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984)). The FAA's savings clause provides that agreements to arbitrate may be unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "In other words, a court cannot enforce state laws that apply to agreements to arbitrate but not to contracts more generally." *Villarreal*, 2017 WL 1353802, at *4 (citing *Mortenson v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1159 (9th Cir. 2013)); *see also Reynoso v. Bayside Mgmt. Co., LLC*, No. 13-cv-4091 YGR, 2013 WL 6173765, at *3 (N.D. Cal. Nov. 25, 2013) ("[T]he FAA preempts any state-law defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011))); *Sherman v. RMH, LLC*, No. 13cv1986-WQH-WMc, 2014 WL 30318, at *5 (S.D. Cal. Jan. 2, 2014) ("Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements." (quoting *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc))). California Civil Code § 3513 applies to contracts in general, not just arbitration agreements. *See, e.g.*, *Sieg v. Fogt*, 55 Cal. App. 5th 77, 92 (2020) (noting that, under § 3513, a homeowner and a contractor cannot agree to the contractor departing from accepted trade standards); *Coker v. JPMorgan Chase Bank, N.A.*, 62 Cal. 4th 667, 686 (2016) (holding that, pursuant to § 3513, the plaintiff could not validly agree to a short sale with the defendant). *See generally Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 94 (2003) ("In California, private contracts that violate public policy are

unenforceable." (citations omitted)).  Therefore, Defendant's failure to address this argument notwithstanding, the Court agrees with Plaintiff that the CAA is not preempted by the FAA with respect to the arbitration agreement at issue here.

The present arbitration clause is virtually identical to that in *Kalasho*, where the court found the arbitration clause unenforceable and denied the defendant's motion to compel arbitration. *See* 2021 WL 673535, at *5.  In fact, the only difference between the arbitration clause here and the arbitration clause in *Kalasho* is that the arbitration clause in *Kalasho* used the term "Lease" instead of "Contract." *See id.* at *2.[4]  The court in *Kalasho* found the arbitration clause to be unenforceable because the clause "purport[ed] to waive the application of the CAA to 'this Arbitration Clause and any arbitration hereunder.'" 2021 WL 673535, at *5 (citation omitted).  Indeed, the court noted that "California courts have recognized that the CAA provisions relating to the selection of neutral arbitrators (including disclosure requirements and disqualification procedures) were undoubtedly 'enacted primarily for a public purpose.'" *Id.* (quoting *Azteca Constr., Inc.*, 121 Cal. App. 4th at 1167).  And because "[u]nder California contract law, a contract is 'unlawful, and therefore unenforceable, if it is contrary to an express provision of law or contrary to the policy of express law,'" the *Kalasho* court found the arbitration clause unenforceable. *Id.* at *3, *5 (quoting *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, 6 Cal. 5th 59, 73 (2018)).

This Court finds the reasoning of *Kalasho* to be persuasive, particularly given that the two arbitration clauses are substantively identical.  Like the clause at issue in *Kalasho*, the arbitration clause here precludes application of any state law, including the CAA.  Purchase Agreement at 6.  Waiving the provisions of the CAA by way of private agreement violates California law, given that the CAA was enacted for a public purpose.  *See* Cal.

---

[4] The slight difference between the language of the two arbitration clauses—namely, "Contract" and "Lease"—has no bearing on the Court's analysis.  Under California law, "[a] lease is a contract, governed by the same rules of interpretation as other types of contracts." *Praetorian Fin. Ins. Co. v. U.S.*, No. C 07-5746 SBA, 2009 WL 4723339, at *3 (N.D. Cal. Dec. 4, 2009) (citing *ASP Props. Grp. v. Fard, Inc.*, 133 Cal. App. 4th 1257, 1266–67 (2005)).

Civ. Code § 3513; *Azteca Constr.*, 121 Cal. App. 4th at 1167. *Cf. Rashid v. BMW of N. Am., LLC*, No. 20cv573-L-DEB, 2021 WL 2433925, at *3 (S.D. Cal. June 15, 2021) (finding arbitration clause to be enforceable because it contained no provision prohibiting application of the CAA, thus distinguishing *Kalasho*).

Nevertheless, Defendant points out that, pursuant to the arbitration clause, the American Arbitration Association ("AAA") or Judicial Arbitration and Mediation Services ("JAMS") may be chosen at the option of Plaintiff. Reply at 3. Therefore, according to Defendant, the arbitration clause "does not waive Plaintiff's right to select a neutral arbitrator." *Id.* But this argument misses the mark. The arbitration clause provides that "all arbitration hereunder shall be governed by the [FAA] and *not by any state law* concerning arbitration." Purchase Agreement at 6 (emphasis added). Thus, as in *Kalasho*, "[t]he explicit language in [the arbitration clause] is sufficient to establish that the parties clearly waived the application of state law to arbitration proceedings conducted under the [Purchase] Agreement." 2021 WL 673535, at *5. Accordingly, it is irrelevant that Plaintiff may choose an arbitrator from the AAA or JAMS, because ultimately the arbitration clause waives the provisions of the CAA in violation of California Civil Code § 3513.

The Court therefore finds the portions of the arbitration clause purporting to waive application of the CAA to be unenforceable.

### 3. Severability

Neither Party addresses whether the unenforceable provisions in the Purchase Agreement are severable. *See generally* Opp'n; Reply. However, the Purchase Agreement contains a severability clause, which provides that "[i]f any part of this Arbitration Clause, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable." Purchase Agreement at 6.

An unenforceable provision of an arbitration agreement may be severed to retain the remaining provisions. *Rent-A-Center, West, Inc., v. Jackson*, 561 U.S. 63, 71–72 (2010). Under California law, "where no strong objections of public policy are present, a party to an illegal contract may be permitted to enforce it." *Chun Ping Turng v. Guaranteed Rate,*

*Inc.*, 371 F. Supp. 3d 610, 631–32 (N.D. Cal. 2019) (quoting *Nevcal Enters., Inc. v. Cal-Neva Lodge, Inc.*, 217 Cal. App. 799, 806 (1963)).  "Severability clauses evidence the parties' intent that, to the extent possible, the valid provisions of the contract be given effect, even if some portion is found to be invalid or unlawful." *Id.* at 632 (citation and internal quotation marks omitted).  "If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced.  If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." *Martinez v. Check 'N' Go of Cal., Inc.*, No. 15-CV-1864 H (RBB), 2015 WL 12672702, at *5 (S.D. Cal. Oct. 5, 2015) (quoting *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 122 (2000)).

Although the court in *Kalasho* did not reach the issue of severability, the Court finds that the unenforceable provisions are severable.  Plaintiff has not met her burden of showing that the Purchase Agreement is so tainted with illegality that severance is not possible.  The Court concludes that these provisions are severable, as they do not permeate the entire Purchase Agreement, and the presence of a severability clause makes severance feasible.  Thus, the Court **SEVERS** the following unenforceable provisions from the Purchase Agreement: (1) "this Arbitration Clause and any arbitration hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA") and not by any state law concerning arbitration" and (2) "[t]he arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings."  Purchase Agreement at 6.  The Court finds the remainder of the arbitration clause is valid and enforceable.  Therefore, the Court **GRANTS** Defendant's Motion to Compel Arbitration.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's *Ex Parte* Application for Motion for Leave to File Supplemental Reply (ECF No. 21) and **OVERRULES** Plaintiff's evidentiary objections (ECF No. 18-1).  The Court **SEVERS** the following provisions from

the arbitration agreement: (1) "this Arbitration Clause and any arbitration hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA") and not by any state law concerning arbitration" and (2) "[t]he arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings." Purchase Agreement at 6. Furthermore, the Court **GRANTS** Defendant's Motion to Compel Arbitration (ECF No. 16).

Pursuant to the FAA, the Court **STAYS** this action pending the outcome of any arbitration. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978) (holding that courts shall order a stay of judicial proceedings "pending compliance with a contractual arbitration clause"). The Parties are **ORDERED** to file a status update on arbitration proceedings every 120 days and within 15 days of completion of the arbitration proceedings.

**IT IS SO ORDERED.**

Dated: January 11, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge